ENTERED DEC 0 3 2014

STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-13-12

MGK-AND-11-25-14

MAINE DEPARTMENT OF HEALTH
AND HUMAN SERVICES DIVISION
OF SUPPORT ENFORCEMENT AND
RECOVERY,

Petitioner

v.

RECEIVED & FILED

NOV 2 5 2014

ANDROSCOGGIN
SUPERIOR COURT

ORDER

MICHAEL T. WOOD and
LORRI L. MORIN,

Respondents

This matter is before the court on Petitioner Maine Department of Health and Human

Services Division of Support Enforcement and Recovery's ("DSER") Rule 80C appeal of the

Decision of the Maine Department of Health and Human Services Division of Administrative

Hearings ("DAH") finding that Respondent Michael Wood was not required to pay child

support during the time when he lived with his other child who received Supplemental

Security Income (SSI). DSER is asking that this court reverse the decision made by DAH, and

find that DAH's decision demonstrates an error of law and is in violation of the statute, and

modify the decision with regard to Wood's child support debt. Lorrie Morin, the custodial

parent, has joined DSER's appeal of DAH's Decision. Mr. Wood has opposed DSER's

Appeal. This court held a hearing on this matter on May 7, 2014.

I. Factual and Procedural Background

Mr. Wood and Ms. Morin were previously married and they have two daughters

together: Miranda Wood, born September 10, 1996, and Cordelia Wood, born on May 9,

2000. (Ex. D-1 1.) When they divorced on October 14, 2004, Ms. Wood was awarded primary residential care of their children. (*Id.* 1, 5) At the time of the divorce judgment the parties agreed that Mr. Wood would not pay child support. (Ex. D-1 2-3.) On September 13, 2005, however, the court issued an Interim Child Support Order providing that Mr. Wood was to pay Ms. Morin $71.00 per week for child support commencing on September 16, 2005. (Ex. D-2 6, 8.) On October 12, 2005, the court entered an Order Amending Divorce Judgment with an incorporated Child Support Order whereby Mr. Wood's child support obligation increased to $78.20 per week commencing on October 14, 2005. (Ex. D-3 1-4; R. at 7.) Ms. Morin applied for DHHS's child support enforcement services. (HO-3 at 6.)

Mr. Wood has a son with Sarah Frederick-Wood; Michael Frederick-Wood was born on September 28, 2005. (R. at 5.) Mr. Wood has lived with his son continuously, except for an approximately 12-month-period when Mr. Wood and Ms. Frederick-Wood were separated. (R. at 9-10; Dec. 2; Ex. C; Ex. B.) Michael Frederick Wood started receiving disability benefits in December of 2006 and has continued to receive them. (R. at 6.) Michael Frederick Wood receives $10.00 per month in State Supplement payments, and Ms. Frederick-Wood represented that Michael Frederick-Wood receives Social Security. (R. at 8.) Unfortunately, the Record is less than clear regarding the exact nature of the child's benefits. At the administrative hearing, the Hearing Officer stated that he "didn't want to bother to get" the paperwork regarding Michael Frederick-Wood's disability benefits into the record. (R. at 9.) "So that's going to be a stipulated fact then that Michaels [sic] been receiving SSI benefits continuously since December 2006." (R. at 9.)

2

On July 10, 2013, DHHS issued a notice of debt to Mr. Wood stating that from October 14, 2004 to July 10, 2013 he owed $21,945.40 for unpaid child support for his two daughters, and that his debt was continuing to accrue by $78.20 per week. (HO Ex. 3 3.)

After Mr. Wood requested an appeal of the notice of debt, an administrative review was conducted pursuant to 19-A M.R.S.A. § 2451. A hearing was held on August 7, 2013 where Cindy Peterson appeared on behalf of DHHS, Mr. Wood and Ms. Frederick-Wood appeared on behalf of Mr. Wood (Ms. Frederick-Wood acted as his representative), and Ms. Morin appeared as the custodial parent. (Dec. 1; R. at 1.)

The hearing was conducted to determine the amount of Mr. Wood's net child support debt as of July 10, 2013. (Dec. 1.) In his Decision, the Hearing Officer noted that "The parties agreed to the total amount of Mr. Wood's child support obligation under the various child support orders, and agreed to the total child support payments made by Mr. Wood, and agreed that the DHHS Notice of Debt reflected those amounts." (Dec. at 3.) The total child support obligation (without any exemptions) was $31,876.80, and the amount paid by Mr. Wood was $9,931.40 leaving a total potential debt of $21,945.40. (Ex. D5; Ex. HO-3 3; Dec. 2; R. at 2, 7.)

The Hearing Officer came to the conclusion that rather than owing a debt of over twenty-thousand dollars, Mr. Wood has actually paid $498.00 more than he owed in child support. (Dec. 2-4.) The Hearing Officer determined that Mr. Wood had overpaid, because of a regulatory exemption that was in effect until February 3, 2013, which he found applicable to Mr. Wood based on Michael Frederick-Wood's receipt of Social Security. (Dec. 3-4.) The Hearing Officer found that DSER had failed to address the issue of retroactivity, and that the repeal of the exemption did not have retroactive effect. (Dec. 3)

3

## II. Standard of Review

In its appellate capacity, the court reviews agency decisions for "abuse of discretion, error of law, or findings not supported by the evidence." *Rangeley Crossroads Coal. v. Land Use Reg. Comm'n*, 2008 ME 115, ¶ 10, 955 A.2d 223. The burden of proof is on the petitioner to prove that "no competent evidence supports the [agency's] decision and that the record compels a contrary conclusion." *Bischoff v. Maine State Ret. Sys.*, 661 A.2d 167, 170 (Me. 1995). "Inconsistent evidence will not render an agency decision unsupported." *Id.* "Judges may not substitute their judgment for that of the agency merely because the evidence could give rise to more than one result." *Gulick v. Bd. of Envtl. Prot.*, 452 A.2d 1202, 1209 (Me. 1982).

The court must give great deference to an agency's construction of a statute it is charged with administering. *Rangeley Crossroads Coal.*, 2008 ME 115, ¶ 10, 955 A.2d 223. "A court will 'not vacate an agency's decision unless it: violates the Constitution or statutes; exceeds the agency's authority; is procedurally unlawful; is arbitrary or capricious; constitutes an abuse of discretion; is affected by bias or an error of law; or is unsupported by the evidence in the record.'" *Kroeger v. Dep't of Environmental Prot.*, 2005 ME 50, ¶ 7, 870 A.2d 566) (quoted in Alexander, *Maine Appellate Practice* § 452 at 312 (4th ed. 2013)).

Where there have been multiple levels of administrative decision-making, the most recent decision will be the one subject to Superior Court review, if the most recent decision-maker had *de novo* capacity and/or the authority to conduct additional fact-finding. *See* Alexander, *Maine Appellate Practice* § 455(b) at 315; *see also Concerned Citizens to Save Roxbury v. Bd. of Envtl. Prot.*, 2011 ME 39, ¶ 17, 15 A.3d 1263.

## III. Discussion

4

## A. Standing

As an initial matter, Mr. Wood has raised the issue of DSER's standing. Mr. Wood has cited to Section 11001(1) of Maine Administrative Procedures act, which provides in pertinent part regarding agency actions that "any person who is aggrieved by final agency action shall be entitled to judicial review thereof in the Superior Court in the manner provided by this subchapter." 5 M.R.S.A. § 11001(1). A person is defined as "any individual, partnership, corporation, governmental entity, association or public or private organization of any character, other than the agency conducting the proceeding." 5 M.R.S.A. § 8002(8). Mr. Wood has seized upon this definition, to state that DSER cannot appeal the Hearing Officer's Decision. Mr. Wood has also cited to dicta in *Forest Ecology Network v. Land Use Regulation Comm'n*, 2012 ME 36, ¶ 21, 39 A.3d 74 and *Fichter v. Bd. of Envtl. Prot.*, 604 A.2d 433, 436 (Me. 1992) to argue that an agency cannot appeal its own adjudicatory decision. DSER has argued that this case is distinguishable, however, since the agency is acting on Ms. Morin's behalf.

Under Maine law a person may apply to DHHS to pursue enforcement of a child support order on her behalf. *See* 19-A M.R.S.A. § 2103(2).[1] Section 2301(2) provides:

> For actions initiated pursuant to section 2103, failure to pay support obligations under a support order creates a debt due the applicant. Upon execution of a contract between the department and the applicant, the department may take action to establish, enforce or collect the debt under any appropriate statute, including, but not limited to,

---

[1] The statute provides in pertinent part:

> The department may, for a fee, locate absent parents, defend child support orders, establish support obligations, seek motions to modify support obligations, enforce support obligations and determine paternity on behalf of applicants who are not recipients of public assistance, by actions under an appropriate statute, including, but not limited to, remedies established in subchapter 2, article 3, to establish and enforce the support obligations.

19-A M.R.S.A. § 2103(2).

5

remedies contained in this article. The department is subrogated to the rights of the payee as provided in section 2351.

If a parent owes a debt and there is a support order in place, Maine law provides that DHHS "is subrogated to the right of a dependent child or person having custody of the child named in the order to pursue any support action or administrative remedy to secure payment of the debt accrued or accruing under section 2301 and to enforce the order." § 2351(1). In addition, Section 2351(1) further specifies, "The department is not required to file a motion to intervene or join in any court proceeding to subrogate itself to the rights of the payee and to be treated as a party in any further proceedings regarding the support order." DSER has demonstrated that it is subrogated to the rights of Ms. Morin, and, therefor, it has standing to appeal the Decision of the Hearing Officer to this court.

**B. Child Support Debt**

This dispute involves: 1) a change in the regulations regarding collection of child support and 2) how those regulations and the statute should be interpreted and applied regarding Mr. Wood's child support obligation.

The Maine Child Support Enforcement Manual, 10-144 C.M.R. Ch. 351, contains DHHS' regulations regarding DSER. The Maine Child Support Enforcement Manual previously provided:

> The Department may not collect child support from a responsible parent who receives Supplemental Security Income (SSI) or who provides primary residential care for his or her own child who receives SSI. The Department may not enforce a child support obligation that accrues during a period when the responsible parent is exempt from collection action due to receipt of SSI.

10-144 C.M.R. Ch. 351 Ch.5 § 8 (repealed eff. February 3, 2013). As of the time of the hearing, the manual no longer included the aforementioned section. It provided that:

> When a responsible parent receives public assistance for the benefit or his or her child, or receives supplemental security income (SSI), the responsible parents' support

6

obligation is automatically suspended. The automatic suspension ends and the obligation resumes at the same level, at which it was suspended, two weeks after the responsible parent stops receiving public assistance or SSI. (19-A M.R.S.A. § 2302) A debt previously incurred under 19-A M.R.S.A. § 2301 may not be collected from a responsible parent while that parent receives public assistance or SSI except that such a debt may be collected from nonrecurring lump sum income, as defined in Title 22, section 3762, subsection 11, paragraph A, of a responsible parent while that parent is an assisted obligor. Lump sum income includes, but is not limited to, personal injury awards, lottery winnings, inheritances and tax refunds.

10-144 C.M.R. Ch. 351 Ch.5 § 1(A).[2] As Mr. Wood does not receive either public assistance for the benefit of his child or SSI, his child support obligation is not suspended under the regulation.

Section 2302 of the statute contains similar language:

For the period during which an obligor is an assisted obligor and for 2 weeks thereafter, the assisted obligor's child support obligation is automatically suspended. At the end of the 2 weeks, the obligor's child support obligation resumes automatically at the same level at which it was suspended unless modified by an order entered pursuant to subsection 3.
A debt previously incurred under section 2301 may not be collected from a responsible parent while that parent is an assisted obligor, except that such a debt may be collected from nonrecurring lump sum income, as defined in Title 22, section 3762, subsection 11, paragraph A, of a responsible parent while that parent is an assisted obligor.

19-A M.R.S.A. § 2302(2). The statute defines assisted obligor to mean:

an obligor under a court or administrative child support order who receives:

(1) Supplemental security income; or

(2) Public assistance for the benefit of a child of that obligor.

.....

(C) 'Public assistance" has the same meaning as set forth in section 2101, subsection 11, except that it does not include medical care only.

---

[2] Since this appeal was filed, the regulations were once again amended on July 12, 2014. Since the issue before the court is Mr. Wood's child support debt obligation as of July 10, 2013, the change to the regulations is not relevant to this appeal.

7

19-A M.R.S.A. § 2302(1). 19-A M.R.S. 2101(11) states "'Public Assistance' means money payments and medical care furnished to or on behalf of dependent children by the State. It does not include assistance furnished by a political subdivision." Mr. Wood also does not qualify as an assisted obligor under the statute as he receives neither SSI nor public assistance for the benefit of a child. § 2302(1)(A).

The hearing officer considered whether the deletion of the previous section 8 from 10-144 C.M.R. Ch. 351 Ch.5 applied retroactively, so that DHHS could collect child support from Mr. Wood for the period prior to 2/3/13 when he was living with his son who receives benefits.[3] The hearing officer came to the conclusion that the repeal of section 8 did not apply retroactively, as "There is nothing in the rule to indicate that it had retroactive effect." (Dec. 3.) The Law Court has held that

> absent language to the contrary, legislation affecting procedural or remedial rights should be applied retroactively, whereas legislation affecting substantive rights should be applied prospectively. We also apply the rule . . . that all statutes will be considered to have a prospective operation only, unless the legislative intent to the contrary is clearly expressed or necessarily implied from the language used.

*In re Guardianship of Jeremiah T.*, 2009 ME 74, ¶ 18, 976 A.2d 955 (quotations omitted). After determining that the repeal of section 8 did not have retroactive effect, the hearing officer totaled the amounts owed by Mr. Wood and came to his conclusion that Mr. Wood had overpaid by $498.00. (Dec. 3-4.)

DSER argues that the former section 8 never relieved Mr. Wood of his obligation to pay child support to Ms. Morin, and never prohibited Ms. Morin from enforcing the child support debt against Mr. Wood. *See* 10-144 C.M.R. Ch. 351 Ch.5 § 8 (repealed eff. February 3, 2013). Furthermore, DSER contends that the Hearing Officer's interpretation of section 8

---

[3] Because Mr. Wood was not living with Michael Frederick Wood from 5/28/12 to 6/1/13, the relevant period in contention as to whether or not Mr. Wood owes child support is 12/1/06 to 5/27/12.

would impermissibly deny Ms. Morin her right to receive child support as supported by court order and statute. DSER is now acting on Ms. Morin's behalf and is no longer constrained by the former section 8. Section 2102 provides that:

> The *obligee may enforce the right of support against the obligor*, and the State or any political subdivision of the State may proceed on behalf of the obligee to enforce that right of support against the obligor. When the State or a political subdivision of the State furnishes support to an obligee, it has the same right as the obligee to whom the support was furnished, for the purpose of securing an award for past support and of obtaining continuing support.

19-A M.R.S.A. § 2102 (emphasis added).

Citing 19-A M.R.S.A. §§ 2202(1), 1652(2)(D)3), 2005, and 2302, DSER also persuasively argues that the Hearing Officer's interpretation of the rule would impermissibly contravene the statutory scheme that custodial parents receive child support, as well as the specific statute that pertains to the impact of SSI benefits on child support. Section 2302(2) pertains specifically to obligors who receive SSI or public assistance for the benefit of a child. *See* § 2302(1)(A). The Statute does not create an exception for obligors who reside with children who receive SSI. § 2302(1)(A), (2).

The court finds DSER's arguments persuasive, and finds that the Hearing Officer's Decision was based on an error of law and in violation of statutory provisions. Ms. Morin's right to receive child support as established by court order was never affected by the prior rule, which pertained to DHHS specifically. "*The Department may not collect child support . . . . The Department may not enforce a child support obligation....*" 10-144 C.M.R. Ch. 351 Ch.5 § 8 (repealed eff. February 3, 2013) (emphasis added). The child support owed to Ms. Morin continued to accrue, and DSER, which is now unconstrained by the former rule, may act on her behalf to collect that child support debt.

9

Accordingly, the court **ORDERS** that Petitioner's Appeal is GRANTED. The Hearing Officer's Decision is REVERSED and the Notice of Debt is UPHELD.

The clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 11/25/14

Hon. MaryGay Kennedy
Justice, Superior Court

Action:  80C Appeal

Maine Dept of Health and Human Services      VS.      Michael T. Wood
Lorri L. Morin
P.O. Box 591
Sabattus, ME  04280

Plaintiff's Attorney                        Defendant's Attorney

Jennifer Huston, Esq.                   Matthew Dyer, Esq. (Michael only)
Asst. Attorney General               Pine Tree Legal Assistance
6 State House Station                P.O. Box 398
Augusta, ME  04333                 Lewiston, ME  04243

Date of Entry

2013

Oct 7          Received 10-07-13:
Petition for Judicial Review of Final Agency Action filed.

Oct 16        Received 10-16-13:
Return mail certificate of receipt for Michael Wood, Lorri Morin, and DHHS filed.

Oct 28        Received 10-28-13:
Certified Record from DHHS filed.

Oct 28        On 10-28-13:
Notice and Briefing Schedule filed.
Appellant's brief is due on or before December 9, 2013.
Copies mailed 10-28-13.

Dec 9         Received 12-09-13:
Petitioner's Brief filed.

2014

Jan 3         Received 01-03-14:
Respondent, Michael Wood's Motion for Enlargement of Time to File Brief filed.
Entry of Appearance of Matthew Dyer, Esq. for Michael Wood.

Jan 6         On 01-03-14:
Order on Motion for Enlargement of Time filed. (Kennedy, J)
Respondent Michael Wood shall have until January 23, 2014 to file his brief.
Copies to parties on 1-6-14.